IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

ERNIE MAY,

    Plaintiff,

vs.                                   No. 07-2549-JDB/dkv

DR. LARRY ANTHONY, et al.,

    Defendants.

_____

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
(DOCKET ENTRY #2)
AND ASSESSING FILING FEE IN ACCORDANCE WITH PLRA
ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

_____

Plaintiff Ernie May, prison registration number 295613, an inmate at the Northwest Correctional Complex ("NWCX"),[1] in Tiptonville, Tennessee, filed a complaint under 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis. The Clerk of Court shall record Defendants as Dr. Larry Anthony, Dr. Linbird, and the State of Tennessee.

I.    Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the

---

    [1] The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

full filing fee of $350 required by 28 U.S.C. § 1914(a). The <u>in forma pauperis</u> statute, 28 U.S.C. § 1915(a) merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

Plaintiff properly completed and submitted both an <u>in forma pauperis</u> affidavit and a prison trust fund account statement. The motion to proceed <u>in forma pauperis</u> is GRANTED in accordance with the terms of the PLRA. (D. E. #2).

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court.

On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order, and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If the Plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II. <u>Analysis of Plaintiff's Claims</u>

May was previously confined at the West Tennessee State Prison ("WTSP") where he injured his right arm doing pull ups on the pull up bar. He was examined by an unidentified WTSP nurse who gave him ibuprofen and told him he would be "okay." May alleges that his arm did not improve and therefore he signed up for sick call. May states that he was examined by Dr. Larry Anthony who diagnosed his injury as a pulled muscle and prescribed a sling and ice. Plaintiff was transferred to the NWCX where he saw another unidentified nurse for the problems with his arm because the doctor was on vacation. A Dr. Smith examined May's arm when Smith returned from vacation and told May his injury was a torn muscle. Smith sent May to the DeBerry Special Needs Facility where he saw Dr. Linbird, who advised Plaintiff that it was too late for surgery because the muscle had healed without being repaired. The inmate states that his arm continues to cause him considerable pain. He claims that he filed a grievance but was he was told that he was not a doctor and incapable of diagnosing himself.

4

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Even claims that have not been exhausted may be dismissed on the merits. 42 U.S.C. § 1997e(c)(2).[2] Plaintiff's complaint is subject to dismissal in its entirety.

May cannot obtain any relief against the State of Tennessee. Absent a clear abrogation of immunity by Congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits for damages against a state in federal court. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984); Quern v. Jordan, 440 U.S. 332 (1979). Tennessee has not waived its sovereign immunity. Tenn. Stat. Ann. § 20-13-102(a). Therefore, any § 1983 claim for damages against the State of Tennessee is barred by the Eleventh Amendment.

Plaintiff's claim pursuant to 42 U.S.C. § 1983 against the State of Tennessee is also subject to dismissal on the ground that a state is not a person within the meaning of § 1983. Lapides v.

---

[2] To the extent Plaintiff's exhibits and allegations are insufficient to demonstrate total exhaustion, the Court screens his complaint under 42 U.S.C. § 1997e(c)(2).

5

Board of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 617 (2002); Will v. Michigan, 491 U.S. 58, 71 (1989).

May's claim against Dr. Linbird has been filed in the wrong forum. Dr. Linbird is located in and his examination of Plaintiff occurred in Davidson County, which is in the Nashville Division of the Middle District of Tennessee. See 28 U.S.C. § 123(b)(1). Plaintiff's assertions against Dr. Linbird are subject to dismissal or transfer to the appropriate venue.

Under 28 U.S.C. § 1406(a), a case filed in the wrong district should be dismissed unless the interests of justice require a transfer. "The statute explicitly contemplates dismissal unless otherwise warranted." Peckio v. Shay, 708 F. Supp. 75, 76 (S.D.N.Y. 1989). Once a court determines that venue is improper, it should examine the merits of the plaintiff's action in deciding whether the interests of justice require transfer instead of dismissal. See, e.g., King v. Russell, 963 F.2d 1301, 1305 (9th Cir. 1992); Hapaniewski v. Chicago Heights, 684 F. Supp. 1011, 1013-14 (N.D. Ind. 1988); see also Shemonsky v. Office of Thrift Supervision, Dep't of Treasury, 733 F. Supp. 892, 895 (M.D. Pa. 1990)(suit against federal agency dismissed for failure to exhaust administrative remedies, instead of being transferred for improper venue); Safeco Ins. Co. v. Miller, 591 F. Supp. 590, 597 (D. Md. 1984)(transfer would not serve the 'interest of justice' where the case, if transferred, would merely be dismissed in the transferee court); Froelich v. Petrelli, 472 F. Supp. 756, 763 (D. Haw.

6

1979)(not in interests of justice to transfer case to California because case would simply be dismissed under statute of limitations); <u>Viaggio v. Field</u>, 177 F. Supp. 643, 645 (D. Md. 1959)(not in the interests of justice to transfer case to Pennsylvania, since no hearing would be had on the merits there, and it would be an injustice to the defendant to require him to engage other and additional local counsel in Pennsylvania merely to plead the statute of limitations). <u>Cf.</u> <u>Passic v. State</u>, 98 F. Supp. 1015, 1016 (E.D. Mich. 1951)(finding transfer of frivolous habeas petition not in the interests of justice). For the reasons stated below, transfer of Plaintiff's claim against Dr. Linbird is not in the interests of justice.

The Eighth Amendment prohibits cruel and unusual punishment. <u>See generally</u> <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991). Under <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' ... proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." <u>Estelle</u>, 429 U.S. at 105. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." <u>Id.</u>

7

An Eighth Amendment claim consists of objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson, 501 U.S. at 298; Brooks v. Celeste, 39 F.3d 125, 127-28 (6th Cir. 1994); Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). The objective component requires that the deprivation be "sufficiently serious." Farmer, 511 U.S. at 834; Hudson, 503 U.S. at 8; Wilson, 501 U.S. at 298. The subjective component mandates that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 297, 302-03. The official's intent must rise at least to the level of deliberate indifference. Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303.

Within the context of Estelle claims, the objective component requires that the medical need be sufficiently serious. Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). "A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)(quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D.N.H. 1977)).

To make out a claim of an Eighth Amendment Estelle violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury."

8

Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976). The United States Supreme Court clarified the meaning of deliberate indifference in Farmer v. Brennan, as the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. 511 U.S. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106.

May admits that he saw both a nurse and Dr. Larry Anthony at the WTSP, where he was examined, diagnosed and prescribed treatment. Even if Dr. Anthony was negligent in diagnosing or evaluating Plaintiff's injury and recommending treatment, that error would amount at most to medical malpractice. "[A] complaint that a physician [or nurse] has been negligent in treating or failing to treat a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 105-06.

Dr. Linbird did not perform the initial examination or diagnosis of Plaintiff's injury. Linbird saw May after his transfer to another institution where a physician referred Plaintiff to Linbird. Dr. Linbird was not responsible for any misdiagnosis or delay in treatment of the injury. To the extent Plaintiff disagrees with Linbird's opinion that it was too late for surgical repair, a difference of opinion between a prisoner and medical personnel about diagnosis or treatment fails to state an Eighth Amendment claim of

9

deliberate indifference to a serious medical need. <u>Westlake v. Lucas</u>, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Plaintiff's allegations do not provide any facts supporting a claim that the Eighth Amendment was violated.

The Court therefore DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii), and 1915A(b)(1), for failure to state a claim on which relief may be granted.

III. <u>Appeal Issues</u>

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant, but has sufficient merit to support an appeal <u>in forma pauperis</u>. <u>See Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal <u>in forma pauperis</u>.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case.[3] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.

IT IS SO ORDERED this 1st day of May, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[3] The appellate filing fee is $455.